UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM KATRISHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 06-0398-BH-C |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT; CONCLUSIONS OF LAW;
AND ORDER**

This action is before the Court on defendant's unopposed motion for summary judgment (Docs. 12-13).[1]  Upon consideration of the motion and all other pertinent portions of the record, the Court concludes that there are no material issues of fact and the defendant, Allstate Insurance Company, has established its entitlement to judgment in its favor as a matter of law.

**FINDINGS OF FACT**

1. This case arises from a house fire that occurred on or about December 25, 2004 at the residence of the plaintiff, William Katrishen, Jr., which was located at 1058 Schaub Avenue in Mobile, Alabama.  Katrishen was insured through an Allstate Deluxe Homeowner's policy.  Subsequently, a claim was made under the subject Allstate policy.

---

[1] Pursuant to the Order entered by this Court on April 3, 2007 (Doc. 14), plaintiff was required to respond to defendant's motion for summary judgment by April 23, 2007.  Plaintiff neither responded nor sought an extension of time within which to do so.  Defendant's motion is, therefore, clearly unopposed.

2. It is undisputed that the fire was not an accident but was intentionally set. The fire was discovered by Katrishen's neighbor, Natalie Etheridge, who was given a key for access to use the oven. Katrishen maintained that he was out-of-town at the time of the fire. When Etheridge arrived at Katrishen's home on Christmas morning, she found the stove turned on. A burnt appliance sat atop the stove and toilet paper originating at the stove was rolled out throughout Katrishen's home forming a series of "trailers" to various points in the house where additional toilet paper rolls soaked in ignitable liquid were located. An odor of an ignitable liquid was prominent throughout the home. Etheridge called Katrishen on his cell phone to inform him. Etheridge also telephoned the authorities.

3. In addition, Katrishen's Corvette was missing from his driveway. Allstate was not the insurer of the vehicle and it was not part of Katrishen's claim to Allstate.

4. Katrishen has failed to dispute the evidence proffered by Allstate that, during the course of the investigation, he made numerous material misrepresetantions to Allstate and its attorney, Mark Spear. First, Katrishen misrepresented the amount of money he earned. Second, Katrishen misrepresented the series of events that occurred on the day of the fire, particularly with regard to the telephone calls that were exchanged the day of the fire. For instance, Katrishen's cell phone records indicate that he made repeated calls to Etheridge on the morning of December 25th and that there were no incoming calls whatsoever prior to the time the police were notified, namely 11:39 am, and had responded as shown on the Mobile Police Department incident report.

Katrishen's cell phone records indicate that the first incoming call, which lasted only one minute, was received at 1:04 p.m. on December 25, 2004.  Third, Katrishen misrepresented that he had only been involved as a defendant in one prior lawsuit involving a landlord's claim for damages to his apartment when he had, in fact, also been sued for identity theft.

5. In addition, the Mobile Police Department received during its investigation a statement from another neighbor, Rhonda Brown, to the effect that her ex-husband, Clausell Brown, had conspired with Katrishen.  This information, in combination with the many other unexplained circumstances, prompted the police to request that Katrishen take a polygraph test.  Katrishen refused to take this test.

6. Nevertheless, Allstate offered Katrishen a contents advance and provided him with a place to stay.  Katrishen completed a Sworn Proof of Loss in which he claimed $14,943.19 under the policy.  Katrishen conceded that Allstate was within their right to investigate this clear case of arson.

7. After a thorough investigation, which included obtaining the advice of legal counsel who conducted Katrishen's examination under oath and reviewed the complete file and applicable law, Katrishen's claim was denied by Allstate.

8. On April 26, 2006, Katrishen filed this lawsuit in the Circuit Court of Mobile county, Alabama, alleging breach of contract and bad faith.  On July 5, 2006, Allstate properly removed the action to this Court.

**CONCLUSIONS OF LAW**

 1. <u>Summary Judgment Standard</u>

 Defendants are entitled to summary judgment "if the pleadings, depositions, answers to interrogatories and . . . affidavits . . . show that there is no genuine issue as to any material fact and that [the defendants are] entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©).   As the moving party, the defendants have the initial burden of showing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  Once the defendants make that showing, the burden shifts to the plaintiff to "come forward with *specific* facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). Confronted with a properly supported motion for summary judgment, the plaintiff must adduce admissible evidence which creates a material factual dispute.  *Clarke v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).   Plaintiff must do more than "simply show there is some metaphysical doubt as to the material facts."  *Anderson,* 477 U.S. at 251-52.  He must produce evidence.  *Id.*

 Thus, to defeat a motion for summary judgment, the non-moving party must establish a trial-worthy issue by presenting enough competent evidence to enable a finding favorable to the non-moving party.  *Dominick v. Dixie National Life Ins. Co.*, 809 F.2d 1559 (11th Cir. 1989).  A material issue of fact is raised when the alleged facts, if proven, constitute a valid claim or defense.  *Federal Deposit Ins. Corp. V. Grupo Girod Corp.*, 869 F.2d 15. 16 (1st Cir. 1989).

2. Breach of Contract Claim

Katrishen's breach of contract claim fails as a matter of law. A plaintiff asserting such a breach of contract claim must establish: (1) the existence of a valid contract binding the parties in the action; (2) his performance under the contract; (3) the defendant's nonperformance; and (4) damages. *State Farm Fire & Cas. Co. V. Slade*, 747 So.2d 293, 303 (Ala. 1999), *citing*, *Southern Medical Health Systems, Inc. V. Vaughn*, 669 So.2d 98, 99 (Ala. 1995). Here it is undisputed that a valid contract existed between Katrishen and Allstate. However, there can be no nonperformance if there is no coverage under the policy for the loss at issue. *See e.g.*, *Mueller v. Hartford Ins. Co. Of Alabama*, 475 So.2d 554 (Ala. 1985). In the case at bar, no coverage existed because Katrishen made several material misrepresentations in the submission of his claim and during the course of Allstate's investigation.

Not only did Katrishen misrepresent his involvement in the arson, but he also misrepresented such material facts as his financial condition and his civil litigation history. Alabama law specifically addresses misrepresentations in the proof of a loss:

> No misrepresentation in any proof of loss under any insurance policy shall defeat or void the policy **unless such misrepresentation is made with actual intent to deceive as to a matter material to the insured's rights under the policy**.

Ala. Code § 27-14-28 (1975)(emphasis added). *See also*, *Ex parte State Farm Fire & Cas. Co.*, 523 So.2d 119, 121 (Ala. 1988)(Held that an insurer need not honor or pay pursuant to a contract of insurance where an insured misrepresents material facts to the

insurer under the proof of loss coupled with an intent to deceive.)  As applied to the case at bar, Katrishen has failed to dispute Allstate's claim that he made a misrepresentation in his proof of loss and that such misrepresentation was intended to deceive Allstate. Consequently, Allstate's obligations to Katrishen under the policy are voided.  The policy itself expressly excludes coverage under such circumstances.[2]

    3.    <u>Bad Faith Claim</u>

It goes without saying that, having failed to establish any breach of contract for failure to pay his claim, Katrishen has likewise failed to establish that Allstate is liable for bad faith.  *See e.g. National Security Fire & Casualty Co. V. Bowen*, 417 So.2d 179, 183 (Ala. 1982)(Sets forth plaintiff's burden in proving a cause of action for "bad faith" which includes evidence of an intentional refusal to pay the insured's claim coupled with actual knowledge of the absence of any legitimate or arguable reason or the failure to determine the existence of a lawful basis to refuse to pay the claim.)  It is the general rule that in order to show a lack of debatable reason, the insured must be entitled to a directed verdict on the contract claim.  *Insurance Co. Of North America v. Citizens Bank of Thomasville*, 491 So.2d 880 (Ala. 1986).  The debatable reason can either be an issue of fact or an issue of law.  *Gulf Atlantic Ins. Co. V. Barnes*, 405 So.2d 912 (Ala. 1981); *Peek v. Reserve Nat'l Ins. Co.*, 585 So.2d 1303 (Ala. 1991).  Negligent interpretation of

---

[2]The Allstate policy at issue in this litigation expressly states: "**We** do **not** cover any loss or **occurrence** in which any **insured person** has concealed or misrepresented any material fact or circumstance."  (Allstate's Exh A, p. 5.)

information, however, is not "bad faith."  *Prudential Ins. Co. V. Cullman*, 428 So.2d 953 (Ala. 1983).  The plaintiff bears the heavy burden of proving actual knowledge of no debatable reason to deny the claim coupled with an intent to injure.  *Davis v. Cotton States Mutual Ins. Co.*, 604 So.2d 354 (Ala. 1992).

Put another way, "an insurer is liable for its refusal to pay a direct claim when there is no lawful basis for the refusal coupled with actual knowledge of that fact." *Chavers v. National Security Fire Ins. Co.,* 405 So.2d 1 (Ala. 1981).  To show that no lawful basis exists requires evidence that "the insurer lacks a legitimate or arguable reason for failing to pay the claim."  *Gulf Atlantic,* 405 So.2d at 916.  As applied to the case at bar, Katrishen has failed to proffer any evidence of the lack of a debatable reason to deny his claim, or Allstate's actual knowledge of the lack of a debatable reason.

## CONCLUSION AND ORDER

For the reasons stated above, The Court concludes and it is therefore **ORDERED** that defendant's motion for summary judgment is due to be and is hereby **GRANTED** and that **JUDGMENT** be entered in favor of the defendant, Allstate Insurance Company, and against the plaintiff, William Katrishen, Jr., the plaintiff to have and recover nothing of the defendant.  Costs are taxed against the plaintiff.

**DONE** this 1st day of May, 2007.

                                                        s/ W. B. Hand  
                                                      SENIOR DISTRICT JUDGE